Filed 1/7/22  P. v. Foster CA1/4
Opinion after vacating opinion filed 12/15/21

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ORLANDO FOSTER,<br><br>        Defendant and Appellant. | A160718<br><br>(San Mateo County<br>Case No. 19-NF-012133-A) |

Defendant argues that the trial court abused its discretion in denying his motion to strike a prior conviction pursuant to *People v. Romero* (1996) 13 Cal.4th 497 (*Romero*), which allows courts to strike prior strike convictions in the interests of justice. He also argues that the trial court erred in imposing sentence on one misdemeanor count after not announcing a verdict on that charge.  We agree that the sentence as to the misdemeanor count should be vacated and that the court minutes and abstract of judgment should be corrected.  We otherwise affirm.

## BACKGROUND

Defendant was charged in an amended information with felony possession of a controlled substance with a firearm, in violation of Health and Safety Code section 11370.1, subdivision

1

(a), as well as four other firearm-related felonies and one misdemeanor violation of Penal Code section 148.9 (providing false information to a peace officer). The amended information further alleged that defendant had previously been convicted of manslaughter, which constituted a prior strike conviction.

Defendant waived his right to a jury trial. During his bench trial, the prosecution presented evidence that defendant had been stopped by a Brisbane police sergeant who noticed defendant driving a car with a suspended registration. The sergeant testified that, when asked for identification, defendant provided a torn temporary driver's license showing the name "Evans" and a July 13, 1980 date of birth. In response to questioning, defendant orally stated his name was "Randall" and gave two different September dates as his date of birth. When asked whether he was "on paper," defendant provided his true name and date of birth and admitted that he was on probation with a search condition for a vandalism conviction from San Francisco. The sergeant testified that he believed defendant was under the influence of methamphetamine, based on defendant's severe eyelid tremors.

After defendant got out of the car, the sergeant conducted a search of "high-risk areas" for weapons, namely defendant's waistband and pockets. The sergeant immediately felt an object under defendant's clothing near his lower sternum. When asked what it was, defendant said he didn't know. When asked whether "it" was loaded, defendant again claimed he didn't know. The sergeant ultimately discovered an unregistered firearm in a

Condor tactical pouch near defendant's sternum, loaded with six live rounds. The sergeant also located a usable quantity of methamphetamine and two used pipes in defendant's pockets, notwithstanding defendant's earlier denial that he did not have any "dope" on his person or in his car. After being read his warnings under *Miranda v. Arizona* (1966) 384 U.S. 436, defendant admitted the firearm, methamphetamine, and pipes were his. He stated he had the firearm for his personal protection.

After the sergeant's testimony, the trial court admitted certified documents showing defendant's 2018 felony vandalism conviction (for which defendant was on probation at the time of the current offenses) as well as his 2009 conviction for manslaughter. Based on the testimony and exhibits, the court found defendant guilty of all felony charges and found true the strike prior. The court did not announce a verdict on the misdemeanor charge of providing false information to a peace officer, and neither counsel brought this omission to the court's attention.

Prior to sentencing, defendant filed a *Romero* motion asking the court to strike his prior manslaughter conviction. Defendant, who was 31 at the time of the sentencing, contended that the strike should be stricken because it had occurred when he was only 19, and because defendant's older, more "criminally sophisticated" co-defendant was the more culpable party in the homicide. Defendant admitted he had previously been the subject of a sustained juvenile petition for attempted robbery,

3

and that he was on probation for a domestic violence-related felony vandalism conviction.  He argued, however, that the current offenses were non-serious, non-violent convictions resulting from his methamphetamine abuse and attendant paranoia.  Defendant further asserted that he had shown remorse and dedication to programming while in custody, and that he had successfully completed parole after his manslaughter conviction.

The court denied the *Romero* motion, commenting that although it was impressed with defendant's efforts while in custody, it was troubled by defendant's use of methamphetamine coupled with his possession of a loaded firearm—circumstances the court believed "indicate . . . a greater danger to society."  The court also found concerning defendant's attempt to use a false name and failure to notify the police that he had a loaded weapon on his person.  Taking into account the circumstances of the current offenses, the fact that defendant was on felony probation at the time of his arrest, the seriousness of defendant's prior offenses (including the manslaughter conviction that involved a firearm), and the factors under California Rules of Court, rule 4.410, the court declined to strike the prior strike.

The court sentenced defendant to the low term of two years on the Health and Safety Code section 11370.1, subdivision (a) offense, doubled to four years due to the prior strike.  The court imposed and stayed the sentence on defendant's remaining felony offenses pursuant to Penal Code section 654, and it imposed a

concurrent sentence of 180 days on the Penal Code section 148.9 misdemeanor.

## DISCUSSION

### I. *Romero* **Motion**

We review for abuse of discretion a trial court's refusal to strike a prior strike, reversing only if the ruling " 'falls outside the bounds of reason' " under the applicable law and relevant facts. (*People v. Carmony* (2004) 33 Cal.4th 367, 374; *People v. Williams* (1998) 17 Cal.4th 148, 162 (*Williams*)), citing *People v. DeSantis* (1992) 2 Cal.4th 1198, 1226.)

Defendant fails to demonstrate an abuse of discretion. In denying the motion, the court articulated multiple appropriate reasons for its decision: the danger posed by defendant's possession of a concealed, loaded firearm while using methamphetamine; defendant's attempt to use a false name and failure to disclose his concealed firearm when contacted by police; the serious, gun-involved nature of defendant's prior strike; and the fact that defendant was on felony probation at the time of the instant offenses. These considerations are relevant factors for a court analyzing a *Romero* motion (*Williams, supra*, 17 Cal.4th at p. 161), and the court's decision was well within the bounds of reason.

### II. **Count Six**

Defendant correctly points out that the trial court failed to announce a verdict on count six, the misdemeanor charge of providing false information to a peace officer. At the sentencing hearing, the court nonetheless imposed a concurrent sentence of

5

180 days and ordered defendant to pay a court operations assessment of $40 and a criminal conviction assessment of $30 in connection with that count.  The trial and sentencing minutes reflect a conviction and the associated assessments as to count six, and the abstract of judgment reflects the assessments.

The Attorney General concedes that this was error.  We accept the concession, as a conviction after a bench trial requires the court to pronounce a verdict in open court in the presence of the defendant.  (Pen. Code, §§ 977, subd. (b) [in all cases in which a felony is charged, defendant must be present at time of sentencing], 689 [where a jury has been waived, no person may be convicted "unless . . . by a finding of the court"].)

In contrast to defendant's position that the sentence on count six must be vacated and the fees in connection that count must be stricken, however, the Attorney General speculates that the trial court "presumably informed the clerk that it convicted [defendant] of all counts after the bench trial," and argues that remand is appropriate to allow the court to correct its error.  In support of its request for remand, the Attorney General cites *United States v. Canady* (2d Cir. 1997) 126 F.3d 352, but that case is inapposite.  There, after a bench trial, the court mailed a written verdict convicting defendant of all charges rather than pronouncing its verdict in the defendant's presence.  (*Id.* at p. 355.)  In those circumstances, while recognizing that a remand could be considered an "unnecessary formality," the Second Circuit "sen[t] th[e] case back for a public pronouncement of the court's decision." (*Id.* at p. 364.)  Unlike the complete written

6

verdict in *Canady*, the trial court here never mentioned count six when it announced its verdict on the other charges. Although he concedes that jeopardy attached in this case, the Attorney General offers no authority that would permit the court to reopen the trial proceedings to pronounce what would effectively be a new verdict on count six.

## DISPOSITION

The court is ordered to prepare corrected trial minutes reflecting that the court made no finding as to count six and corrected sentencing minutes striking the sentence and assessments imposed as to count six. The court is ordered to prepare an amended abstract of judgment to reflect no sentence as to count six and that the court operations and criminal conviction assessments are imposed as to counts one through five only. The court is further ordered to send a certified copy of the amended abstract of judgment to the Department of Corrections. The judgment is otherwise affirmed.

BROWN, J.


WE CONCUR:

POLLAK, P. J.
ROSS, J.*


*People v. Foster*  (A160718)

---

\* Judge of the Superior Court of California, City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.